HALL, Judge.
We affirm the summary judgment entered in favor of the City of Eagle Lake in the Birges’ action against it for damages they incurred when lightning struck the transformer that powered the city’s sewage pumping station and sewage backed up into the Birges’ home. We agree with the trial court that the gist of the Birges’ allegations of liability against the city is that the city failed to install a warning system for its sewer system that would be immune to a power failure. While we certainly sympathize with the Birges’ predicament, we are constrained by the supreme court’s clear pronouncement that a governmental entity is not liable for its failure to build, expand, or modernize a capital improvement. Trianon Park Condominium Ass’n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985).
We find this case analogous to Department of Transportation v. Konney, 587 So.2d 1292 (Fla.1991), a wrongful death action in which the deceased was killed in an accident at an intersection at which twelve accidents had occurred during the previous four years. The supreme court stated the issue to be” whether the installation of a flashing beacon at the intersection was a planning-level decision required to upgrade the intersection because of increased traffic or an operational-level decision required to warn motorists of a dangerous condition known at the time the intersection was built. The court held that the decision was a nonactionable, planning-level one because of the established “principle that traffic control methods and the failure to upgrade intersections with traffic control devices are judgmental, planning-level decisions, which are not actionable.” Id. at 1295. The judicial branch is no more authorized to determine the type of warning system to be used with a sewer system than it is to determine the type of traffic control devices to be used at intersections. Id.
Affirmed.
SCHOONOVER, A.C.J., and BLUE, J., concur.